J-S26036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY CHARLES SCHIFF | : | |
| | : | |
| Appellant | : | No. 68 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 13, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000923-2018

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: NOVEMBER 5, 2021**

Barry Charles Schiff ("Schiff") appeals from the judgment of sentence[1]

entered following his convictions of five counts of trafficking individuals, three

counts of involuntary servitude, two counts each of corrupt organizations and

promoting prostitution, and one count each of criminal use of a communication

_____

[1] In his Notice of Appeal, Schiff framed his appeal as being from the trial court's December 7, 2020, Order denying his Post-Sentence Motion.  However, an appeal properly lies from the judgment of sentence.  ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

facility, criminal conspiracy (trafficking/involuntary servitude), and delivery of a controlled substance.[2]   We affirm.

Schiff was charged with, *inter alia*, the above-described offenses as a result of his involvement in a sex trafficking organization operating under the name of "Adriana's Angels."  Relevant to this appeal, on November 14, 2019, a jury convicted Schiff of the above-described charges.  On February 18, 2020, following the preparation of a pre-sentence investigation report and after a sentencing hearing, the trial court sentenced Schiff to an aggregate prison term of 55½ to 141 years.  Schiff timely filed a post-sentence Motion, in which he challenged the discretionary aspects of his sentence.  On December 7, 2020, the trial court denied Schiff's post-sentence Motion.  Thereafter, Schiff filed the instant timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Schiff presents one claim for our review:  "WHETHER THE [] TRIAL COURT ERRED OR ABUSED ITS DISCRETION IN DENYING [SCHIFF'S] POST[-]SENTENCE MOTION REQUESTING A MODIFICATION OF HIS 55½-141-YEAR STATE [S]ENTENCE?"  Brief for Appellant at 6.

Schiff's claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal.  *See Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017).  Rather, when an appellant challenges

---

[2] *See* 18 Pa.C.S.A. §§ 3011, 3012, 911(B)(3) and (4), 5902(b)(1) and (4), 7512(a), 903; 35 P.S. § 780-113(a)(30).

the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted). Regarding the third requirement, "[i]f a defendant fails to include an issue in his [Pa.R.A.P.] 2119(f) statement [of reasons relied upon for allowance of appeal], and the Commonwealth objects, then the issue is waived, *and this Court may not review the claim*." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (emphasis added).

Our review of the record discloses that Schiff filed a timely Notice of Appeal, and preserved his claim in a timely post-sentence Motion to modify his sentence. However, Schiff's appellate brief does not include the required Rule 2119(f) statement, and the Commonwealth has objected to this defect. *See* Commonwealth's Brief at 7 (wherein the Commonwealth states, "Because here the required statement under Rule 2119(f) is absent, allowance of appeal should be denied."). We are thus precluded from addressing Schiff's challenge

- 3 -

to the discretionary aspects of his sentence. **See Karns**, 50 A.3d at 166.

Consequently, we affirm Schiff's judgment of sentence.[3]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2021

---

[3] We note that Schiff is not precluded from seeking relief through a timely filed petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

- 4 -